IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ELAINE G. ALTOM, | |
| Plaintiff, | |
| v. | Case No. CIV-17-566-F |
| STATE FARM FIRE & CASUALTY COMPANY, a foreign corporation, | Removed from: Logan County, State of Oklahoma (Case No. CJ-2016-192) |
| Defendant. | |

## NOTICE OF REMOVAL

Defendant State Farm Fire & Casualty Company ("State Farm") removes this action to the United States District Court for the Western District of Oklahoma pursuant to 28 U.S.C. §§ 1332(a)(1), 1441, and 1446. This action is removable because there is complete diversity of citizenship between Plaintiff Elaine G. Altom ("Plaintiff") and State Farm and because the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000. In support of this Notice of Removal, State Farm states as follows:

1.      On October 24, 2016, Plaintiff filed a Petition against State Farm, commencing a civil action now styled *Elaine G. Altom v. State Farm Fire and Casualty Company,* Case No. CJ-2016-192, District Court of Logan County, State of Oklahoma (the "State Court Action").

2.      Pursuant to 28 U.S.C. § 1446(a) and Local Civil Rule 81.2, State Farm has attached and filed with the Clerk of this Court as exhibits to this Notice of Removal true and legible copies of all process, pleadings, orders and other papers filed in the State Court Action or attempted to be served on State Farm:

| Exhibit: | Description: |
|---|---|
| 1 | Docket Sheet for CJ-2016-192 |
| 2 | Petition |
| 3 | Summons Issued Back to Attorney for Service on State Farm |
| 4 | Summons Received by State Farm via Okla. Ins. Dept. |

3. Plaintiff mailed a Summons and Petition to State Farm c/o of the Oklahoma Insurance Commissioner, which was received by the Oklahoma Insurance Department on April 26, 2017.  The Oklahoma Insurance Department mistakenly forwarded the Summons and Petition to Travelers Insurance Company.  The Oklahoma Insurance Department resent the Summons and Petition to State Farm on May 8, 2017, which was received by State Farm on May 11, 2017.  (Ex. 4).

4. State Farm's Notice of Removal has indisputably occurred within the 30-day period provided by 28 U.S.C. § 1446(b).

5. As of the time of the filing of this Notice of Removal, there have been no other filings or proceedings in the State Court Action except as identified above.

6. Pursuant to Fed.R.Civ.P. 81(c)(2)(C), State Farm's answer deadline is May 23, 2017.

## DIVERSITY OF CITIZENSHIP

7. Plaintiff is and was a citizen of the State of Oklahoma as of the time of filing and at all times relevant to this action and resides in Logan County, Oklahoma.  (Ex. 2, Pet., ¶¶ 1, 3.)

8. State Farm is a corporation incorporated under the laws of Illinois with its principal place of business in Bloomington, Illinois.  State Farm is and was at the time of filing the Petition a citizen of Illinois. *See* 28 U.S.C. § 1332(c) ("For the purposes of this

section and section 1441 of this title . . . a corporation shall be deemed a citizen of every State and foreign state by which it has been incorporated and the State or foreign state where it has its principal place of business….").

9. Therefore, there is complete diversity of citizenship between Plaintiff and State Farm in accordance with 28 U.S.C. § 1332.

**AMOUNT IN CONTROVERSY**

10. In her Petition, Plaintiff seeks the following damages:

   a. in breach of contract, failure to pay the full amounts due under the policy, in excess of $10,000;
   b. civil penalties;
   c. unspecified damages for tortious bad faith;
   d. punitive damages; and
   e. attorneys' fees.

(Ex. 2, Pet., pp. 3-4.)[1]

11. Plaintiff seeks contract damages of at least $10,000. (Ex. 2, Pet., ¶¶ 14, 17.) In a letter to State Farm dated October 25, 2016, from Plaintiff's agent, Ian Rupert, Plaintiff demanded payment of $20,092.38 in Additional Living Expenses, an amount Plaintiff claimed was appropriate due to State Farm's alleged delay in "adequately adjust[ing] the structure claim." (Ex. 5, 2016-10-25 Plaintiff Demand Letter.) On November 29, 2016, State Farm issued a letter declining Plaintiff's demand for payment of $20,092.38 in Additional Living Expenses. (Ex. 6, 2016-11-29 State Farm Response Letter.) Thus, the

---

[1] Plaintiff's Petition violates the Oklahoma Pleading Code, which requires a plaintiff to plead whether or not the damages sought are in excess of the amount required for federal diversity jurisdiction ($75,000). *See* 12 O.S. § 2008(A)(2).

amount in controversy on Plaintiff's breach of contract claim is no less than $20,092.38.

12. Plaintiff also seeks tort damages for State Farm's alleged denial of Plaintiff's claim in bad faith. (Ex. 2, Pet., ¶¶ 19-20.)

13. Plaintiff also seeks civil penalties. (Ex. 2, Pet., p.4.)

14. Plaintiff also seeks punitive damages, which are governed by 23 O.S. § 9.1. *See Woodmen of World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1218 (10th Cir. 2003) ("Punitive damages may be considered in determining the requisite jurisdictional amount."). Section 9.1 permits Level I punitive damages in an amount not to exceed the greater of $100,000 or the amount of actual damages awarded where an insurer has recklessly disregarded its duty to deal fairly and act in good faith with its insured. *Id.* § 9.1(B). It permits Level II punitive damages in an amount not to exceed the greatest of $500,000, twice the amount of actual damages awarded, or the increased financial benefit derived by the insurer where an insurer intentionally and with malice breaches its duty to deal fairly and in good faith with its insured. *Id.* § 9.1(C).

15. Finally, Plaintiff seeks an award of attorneys' fees, presumably pursuant to 36 O.S. § 3629. (Ex. 2, Pet., p. 4.) *See Manganaro*, 342 F.3d at 1218 (attorneys' fees should be considered in determining amount in controversy).

16. Thus, if Plaintiff were to recover $20,092.38 on her contract claim, any amount on her bad faith tort claim, Level I punitive damages, and attorneys' fees, the amount in controversy would exceed $75,000.

17. Considering Plaintiff's claims together, the amount in controversy exceeds $75,000, exclusive of interest and costs, as required under 28 U.S.C. § 1332.

## CONCLUSION

18. This is a civil action which may be removed to this Court by State Farm pursuant to the provisions of 28 U.S.C. § 1441, in that it is a civil action between citizens of different states, and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

19. Venue is appropriate in this Court, as this Court is in the district in which the underlying state court action was pending.  28 U.S.C. § 1441.

20. Pursuant to 28 U.S.C. § 1446(d), State Farm will promptly provide Plaintiff with written notice of removal of this action and will file a copy of this Notice of Removal with the Clerk of the Logan County District Court, State of Oklahoma.

Respectfully submitted,

/s/ *Gregory T. Metcalfe*
Gregory T. Metcalfe, OBA # 19526
GMetcalfe@gablelaw.com
John M. ("Jake") Krattiger, OBA # 30617
JKrattiger@gablelaw.com
**GABLEGOTWALS**
One Leadership Square, 15th Floor
211 North Robinson
Oklahoma City, OK 73102-7101
(405) 235-5500 | (405) 235-2875 (fax)
**Attorneys for Defendant**
**State Farm Fire & Casualty Company**

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 16, 2017, I filed the attached document with the Clerk of Court. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the Electronic Case Filing System.

I further certify that, on this same date, I served the attached document via email and First Class Mail to:

Jay P. Moisant
14453 SW 29th Street, Suite B
Choctaw, OK 73020
jay@lawiw.com
***Attorney for Plaintiff***

I further certify that, on this same date, a copy of the attached was also sent for filing to the Clerk of the District Court of Logan County, State of Oklahoma, by First Class Mail.

/s/ *Gregory T. Metcalfe*
Gregory T. Metcalfe